THE CITY OF NEW YORK, Appellant, v. VALLEY COAL COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, January 15, 1926.

Municipal corporations — city of New York — action for penalty for violation of Code of Ordinances, chap. 26, § 31, subds. 6 and 7, giving purchaser or inspector of weights and measures right to order reweighing of coal — inspector had power to make complaint though appointment to office was made under Greater New York charter, § 118, rather than under Code of Ordinances — failure of inspector to file bond does not invalidate his acts — complaint by inspector not dependent on prior request of purchaser.

In an action to recover a penalty for a violation of subdivisions 6 and 7 of section 31 of chapter 26 of the Code of Ordinances of the city of New York providing that a purchaser of coal or an inspector of weights and measures of the city of New York may order the reweighing of a consignment of coal and the truck after the delivery thereof, it is no defense that the inspector making the complaint failed to establish upon the trial the fact of his appointment pursuant to section 1 of chapter 26 of the Code of Ordinances of the city of New York rather than pursuant to section 118 of the Greater New York charter. Nor is his failure to file a bond a defense, though it is stipulated as a condition of his appointment pursuant to section 118 of the Greater New York charter.

The right of the inspector to order the reweighing of coal granted by subdivision 7 of said section 31 is not dependent upon a previous request made therefor by the purchaser under subdivision 6.

APPEAL by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, Eighth District, dismissing the complaint.

*George P. Nicholson*, Corporation Counsel [*Henry J. Shields* of counsel], for the appellant.

*Charles Firestone*, for the respondent.

WAGNER, J.  This action is one for a penalty instituted by the city of New York against the Valley Coal Company for violation of an ordinance respecting the weighing of coal at the time in process of delivery upon one of the defendant's trucks.  It was weighed at the request of an inspector of weights and measures while in transit, who also requested a reweighing of the truck after the delivery of the coal upon the same scale previously used, which request was refused by the driver of the truck.  The suit for the penalty was based upon subdivisions 6 and 7 of section 31 of chapter 26 of the Code of Ordinances of the city of New York which reads as follows:

" 6. Right of purchaser to have coal reweighed.  It shall be the right of every purchaser of coal before accepting delivery of

same to have any of the delivery of such coal weighed at his expense at any of the scales designated under the provisions of the preceding sections, provided such scales are within one-half mile of the place of loading or the place of delivery of the coal, and for this purpose to require that any vehicle containing coal purchased by him shall be taken by the driver or other person in charge thereof to such scales for the purpose of having the same weighed, and after the delivery of the coal, to require that the vehicle from which such coal so purchased shall have been delivered shall be taken by the driver thereof, or any other person in charge thereof, to such scales to be weighed at the expense of the purchaser thereof, and a certificate of the weight of such coal so weighed as aforesaid shall thereupon be furnished to the purchaser of such coal by the owners of scales by which such coal is so weighed.

" 7. Penalty for refusal to permit coal to be reweighed. The refusal of any person, firm or corporation to permit coal purchased from him to be reweighed at the request of the purchaser thereof, as aforesaid, or an inspector of weights and measures, or any driver or other person in charge of a vehicle containing coal from which coal has been delivered, to take the same at the request of the purchaser or an inspector of weights and measures to such scales for the purpose of having the same weighed, provided, however, that the purchaser of such coal shall have first paid the owners of the scales or the seller of such coal, or the driver or other person in charge of the vehicle containing such coal an amount sufficient to meet the charges for weighing such coal shall render the person, firm or corporation selling the coal liable to a penalty not to exceed one hundred dollars."

The defendant moved to dismiss the complaint after the reception of evidence on the ground that the right of the inspector to the office he holds was not established by proof, the gist of the objection being that the evidence showed his appointment by a former mayor under a provision of section 118 of the Greater New York charter instead of appointment by the commissioner of licenses under a later provision of the Code of Ordinances of the city of New York pursuant to section 1 of chapter 26 thereof. The motion was granted and the complaint dismissed by the trial judge. We believe the court below was in error in its disposition of the case as above indicated. The appointment was made by letter of the then mayor of New York, under date of May 10, 1910, under a section of the charter conferring upon him full power. Merely because at a later date a new source of appointment was provided for and the power lodged in a different department of the city government, could not change the status of one formerly appointed in

the absence of a clear and unambiguous direction in the succeeding law that prior appointments were thus invalidated and revoked. Here the new law was prospective in terms and contained no statement of any retroactive effect. The principle is well settled that where a new rule is laid down  or future administration prior incumbents by implication are not legislated out of office where such office continues. Matters of pure expediency as to where appointments should emanate from do not nullify the right of those already in office where the countervailing statute does not so provide. The contention of the defendant, however, strikes still deeper in the respect that assuming the intervening law made no change in the authority of the previously appointed inspector to continue in  office and exercise its function, that the original appointment was herein invalid for the reason  that the proof failed to show compliance with one of the express conditions of the appointment, namely, the filing of a  bond stipulated as a condition in the mayor's letter. But is the defendant in a position to urge such default if, in fact, it existed? Whether or not the inspector was a *de jure* officer is a matter of no moment to defendant. In truth, he is precluded from such inquiry. A doctrine that would permit collateral attack upon the authority of an official of this character and rank would place upon the court the intolerable duty of trying questions of official right and the validity of official appointment where the direct issues are of a foreign nature and the right to office had only an incidental bearing. In the absence of a formal proceeding instituted to test the inspector's right to the office as such, he is and remains a *de facto* official where user has existed and thus possesses the full powers and attributes which the statutes endow upon the office. It is claimed, finally, that the right of the inspector to order the weighing of coal granted by subdivision 7 of section 31 of chapter 26 of the Code of Ordinances of the city of New York is dependent upon a previous request made therefor by the purchaser under subdivision 6 of the same section. The former subdivision is not to be so interpreted for the plain intendment of its language is that a request may be made by the purchaser under subdivision 6 as aforesaid, or, in addition, by an inspector of his own volition. For the foregoing reason the judgment appealed from is reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur; present, GUY, WAGNER and LYDON, JJ.